| | |
|---|---|
| ALVIN HAILE, | ) |
| and | ) |
| JEFFREY HAILE | ) Case No. _____ |
| | ) **JURY TRIAL DEMANDED** |
| Plaintiffs, | ) |
| vs. | ) |
| VSS CARRIERS, INC., | ) |
| and | ) |
| ANTHONY WEST, | ) |
| Defendants, | ) |

### PLAINTIFFS' ORIGINAL COMPLAINT – WRONGFUL DEATH

COME NOW, Plaintiffs, Alvin Haile and Jeffrey Haile, by and through their attorneys, Steelman, Gaunt & Horsefield, and for their cause of action in the above-referenced matter, state and allege as follows:

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff Alvin Haile, is a resident of the United States of America and Callaway County, Missouri, and is the lawfully surviving spouse of decedent, Margaret Haile.

2. Plaintiff Jeffrey Haile, is a resident of the United States of American and St. Charles County, Missouri, and is the lawfully surviving and natural son of decedent, Margaret Haile.

3. Plaintiffs Alvin Haile and Jeffrey Haile are appropriate persons to bring this action pursuant to §537.080, RSMo.

4. Upon information and belief, Defendant VSS Carriers, Inc. is a Texas Corporation with its principal place of business in Texas. Upon information and belief, Defendant VSS Carriers, Inc. is a nonresident motorist pursuant to §506.200 and §506.210, RSMo., and therefore, is subject to service of process by serving the Missouri Secretary of State's Office; Attention: Lisa Werdehausen; PO Box 778, Jefferson City, Missouri, 65102.

5. Upon information and belief, Defendant Anthony West is a resident of Jonesboro, Georgia, and is a nonresident motorist pursuant to §506.210, RSMo., and therefore, is subject to service of process by serving the Missouri Secretary of State's Office; Attention: Lisa Werdehausen; PO Box 778, Jefferson City, Missouri, 65102.

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different states.

7. This Court has personal jurisdiction because Defendants' contacts with the forum are substantial and because the claims of Plaintiffs arise out of Defendants' contact with the forum. Service can be had upon the named Defendants through the application of the Missouri long-arm statutes referred to above.

8. Upon information and belief, Defendant Anthony West, was at all relevant times mentioned herein, an agent and employee of Defendant VSS Carriers, Inc., was under the subject and control of Defendant VSS Carriers, Inc., and was in the course and scope of his employment with Defendant VSS Carriers, Inc.

9. For the foregoing reasons, Defendant Anthony West's negligent acts and omissions as set forth more fully below are imputable to Defendant VSS Carriers, Inc.

10. Defendant VSS Carriers, Inc. was at all times relevant herein a "motor carrier" of drivers of "commercial motor vehicles" as these terms are used and defined in the Federal Motor Carrier Safety Regulations and operated as a commercial "motor carrier" pursuant to authority granted by the United States Department of Transportation and was subject to the rules and regulations of the Federal Motor Carrier Safety Administration as promulgated and codified within 49 C.F.R. Parts 383-397.

12. The Federal Regulations cited above were at all relevant times herein mentioned adopted and enforced by the State of Missouri as standards and laws of the State pursuant to §390.201 RSMo.

13. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this District.

14. Upon information and belief, on or about July 1, 2015, on Interstate 70 westbound near the 133.8 mile marker, in Boone County, Missouri at approximately 9:13 a.m., decedent, Margaret Haile, was operating a 2005 Ford F-150 westbound in the right most lane and lawfully slowed her 2005 Ford F-150 pickup due to congested traffic.

15. Upon information and belief at said time and place, the front of the tractor trailer operated by Defendant Anthony West and owned by Defendant VSS Carriers, Inc., struck the rear of the 2005 Ford F-150 operated by decedent, Margaret Haile.

16. At said time and place, Defendant Anthony West had a duty to other motorists, including Plaintiffs' decedent, Margaret Haile, to exercise the highest degree of care in the operation of the tractor trailer, and upon information and belief he breached said duty.

17. At said time and place, Defendant VSS Carriers, Inc. had a duty to other motorists, including Plaintiffs' decedent, Margaret Haile, to insure that Defendant Anthony West was properly trained, qualified and fit to operate the tractor trailer they hired Defendant Anthony West to operate, to insure that Defendant Anthony West would comply with the rules and regulations promulgated and codified in 49 C.F.R. Parts 383-397 and adopted by the State of Missouri, and to insure that the tractor trailer Defendant Anthony West was operating was properly inspected and maintained, and upon information and belief Defendant VSS Carriers, Inc. breached said duty.

### COUNT I – WRONGFUL DEATH
### DEFENDANT ANTHONY WEST

COME NOW, Plaintiffs, Alvin Haile and Jeffrey Haile, by and their attorneys, Steelman, Gaunt & Horsefield, and for their cause of action against Defendant Anthony West under Count I in the above-referenced matter, state and allege as follows:

18. Plaintiffs incorporate by reference as if fully set out herein, each and every allegation contained in the Allegations Common to All Counts of this Petition.

19. Upon information and belief, Defendant Anthony West failed to exercise the highest degree of care in the operation of the aforementioned tractor trailer and was negligent and reckless and so operated, managed, and controlled the same negligently and carelessly in one or more of the following respects, to wit:

    (a) Defendant Anthony West knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, or swerved, or slackened speed, or sounded a warning, or slackened speed and swerved, or slackened speed and sounded a warning or swerved and sounded a warning but failed to do so;

    (b) Defendant Anthony West failed to keep a proper lookout;

4

Case 2:16-cv-04144-MJW   Document 1   Filed 05/24/16   Page 4 of 15

(c) Defendant Anthony West was inattentive;

(d) Defendant Anthony West violated the speed limit;

(e) Defendant Anthony West operated his vehicle at an excess speed for the then existing conditions;

(f) Defendant Anthony West operated his vehicle in a careless and imprudent manner;

(g) Defendant Anthony West operated the tractor trailer while his ability and/or alertness was so impaired, or so likely to become impaired through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate the vehicle in violation of 49 C.F.R. §392.3;

(h) Defendant Anthony West was following too closely;

(i) Defendant Anthony West's vehicle came into collision with the rear of plaintiffs' decedent's automobile;

(j) Defendant Anthony West failed to keep the vehicle he was operating under proper control.

20. Upon information and belief, at the time of the aforementioned collision, Defendant Anthony West was negligent per se in that he was in violation of one or more of the following:

(a) 49 C.F.R. Part 392.3, which provides that no driver shall operate a motor vehicle, and a motor carrier shall not require or permit a driver to operate a motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate the motor vehicle;

(b) 49 C.F.R. Part 395 defining maximum driving and on-duty times, and providing for the accurate logging and record keeping relating to such driving and on-duty times;

(c) §304.010 RSMo. which provides that no vehicle shall be operated in violation of the speed limits;

(d) §304.012 RSMo. which states that "[e]very person operating a motor vehicle on the roads and highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care.";

(e) §304.014 RSMo. which states that "[e]very person operating or driving a vehicle upon the highways of this state shall observe and comply with the . . . rules of the road.";

(f) §304.022.2 RSMo. which states that "[u]pon approaching a stationary emergency vehicle owned by the state highways and transportation commission . . . displaying lighted amber or amber and white lighs, the driver of every motor vehicle shall: . . . (2) Proceed with due caution and reduce the speed of the vehicle, maintaining a safe speed for road conditions . . . ."

21. Upon information and belief, as a direct and proximate result of the acts and omissions of Defendant Anthony West as described herein, Margaret Haile sustained injuries from which she suffered between the time of her injuries and the time of her death.

22. As a direct and proximate result of the acts and omissions of Defendant Anthony West as described herein, Margaret Haile died on or about July 1, 2015.

23. Because of the untimely death of decedent, Margaret Haile, the Plaintiffs have been and in the future will be deprived of decedent's services, consortium, companionship,

6

comfort, instruction, guidance, counsel, training and support, and have sustained other damages which can be reasonably measured in money.

24. As a direct and proximate result of the acts and omissions of Defendant Anthony West as described herein, Plaintiffs have incurred burial and other expenses.

25. The aforesaid acts and failures to act of Defendant Anthony West constitute complete indifference to, or conscious disregard for, the safety of others, and constitute aggravating circumstances within the meaning of the law of the State of Missouri and §537.090 RSMo.

26. That Plaintiffs have or will make a demand for settlement that entitles them to prejudgment interest under §408.040 RSMo.

WHEREFORE, Plaintiffs pray for judgment against Defendant Anthony West jointly and severally with Defendant VSS Carriers, Inc. in a sum in excess of $25,000.00, which the jury believes is fair and reasonable compensation under the circumstances, for damages for aggravating circumstances, for prejudgment interest, for interest at the legal rate from the date of judgment entered herein, for their costs of action incurred herein, and for such other and further relief as is just and proper in the premises.

## COUNT II – WRONGFUL DEATH
## DEFENDANT VSS CARRIERS, INC.
## (RESPONDEAT SUPERIOR)

COME NOW, Plaintiffs, Alvin Haile and Jeffrey Haile, by and through their attorneys, Steelman, Gaunt & Horsefield, and for their cause of action against Defendant VSS Carriers, Inc. under Count II in the above-referenced matter, state and allege as follows:

27. Plaintiffs incorporate by reference as if fully set out herein, each and every allegation contained in the Allegations Common to All Counts of this Petition.

28. Upon information and belief, Defendant Anthony West, whose negligence is imputable to Defendant VSS Carriers, Inc., failed to exercise the highest degree of care in the operation of the aforementioned tractor trailer and was negligent and reckless and so operated, managed, and controlled the same negligently and carelessly in one or more of the following respects, to wit:

(a) Defendant Anthony West knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, or swerved, or slackened speed, or sounded a warning, or slackened speed and swerved, or slackened speed and sounded a warning or swerved and sounded a warning but failed to do so;

(b) Defendant Anthony West failed to keep a proper lookout;

(c) Defendant Anthony West was inattentive;

(d) Defendant Anthony West violated the speed limit;

(e) Defendant Anthony West operated his vehicle at an excess speed for the then existing conditions;

(f) Defendant Anthony West operated his vehicle in a careless and imprudent manner;

(g) Defendant Anthony West operated the tractor trailer while his ability and/or alertness was so impaired, or so likely to become impaired through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate the vehicle in violation of 49 C.F.R. §392.3;

(h) Defendant Anthony West was following too closely;

(i) Defendant Anthony West's vehicle came into collision with the rear of plaintiffs' decedent's automobile;

(j) Defendant Anthony West failed to keep the vehicle he was operating under proper control.

29. Upon information and belief, at the time of the aforementioned collision, Defendant Anthony West, whose negligence is imputable to Defendant VSS Carriers, Inc., was negligent per se in that he was in violation of one or more of the following:

(a) 49 C.F.R. Part 392.3, which provides that no driver shall operate a motor vehicle, and a motor carrier shall not require or permit a driver to operate a motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate the motor vehicle;

(b) 49 C.F.R. Part 395 defining maximum driving and on-duty times, and providing for the accurate logging and record keeping relating to such driving and on-duty times;

(c) §304.010 RSMo. which provides that no vehicle shall be operated in violation of the speed limits;

(d) §304.012 RSMo. which states that "[e]very person operating a motor vehicle on the roads and highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care.";

(e) §304.014 RSMo. which states that "[e]very person operating or driving a vehicle upon the highways of this state shall observe and comply with the . . . rules of the road.";

(f) §304.022.2 RSMo. which states that "[u]pon approaching a stationary emergency vehicle owned by the state highways and transportation commission . . . displaying lighted amber or amber and white lighs, the driver of every motor vehicle shall: . . . (2) Proceed

9

with due caution and reduce the speed of the vehicle, maintaining a safe speed for road conditions . . . ."

30. Upon information and belief, as a direct and proximate result of the acts and omissions of Defendant Anthony West, whose negligence is imputable to Defendant VSS Carriers, Inc., as described herein, Margaret Haile sustained injuries from which she suffered between the time of her injuries and the time of her death.

31. As a direct and proximate result of the acts and omissions of Defendant Anthony West, whose negligence is imputable to Defendant VSS Carriers, Inc., as described herein, Margaret Haile died on or about July 1, 2015.

32. Because of the untimely death of decedent, Margaret Haile, the Plaintiffs have been and in the future will be deprived of decedent's services, consortium, companionship, comfort, instruction, guidance, counsel, training and support, and have sustained other damages which can be reasonably measured in money.

33. As a direct and proximate result of the acts and omissions of Defendant Anthony West, whose negligence is imputable to Defendant VSS Carriers, Inc., as described herein, Plaintiffs have incurred burial and other expenses.

34. The aforesaid acts and failures to act of Defendant Anthony West, whose negligence is imputable to Defendant VSS Carriers, Inc., constitute complete indifference to, or conscious disregard for, the safety of others, and constitute aggravating circumstances within the meaning of the law of the State of Missouri and §537.090 RSMo.

35. That Plaintiffs have or will make a demand for settlement that entitles them to prejudgment interest under §408.040 RSMo.

WHEREFORE, Plaintiffs pray for judgment against Defendant VSS Carriers, Inc. jointly and severally with Defendant Anthony West in a sum in excess of $25,000.00, which the jury believes is fair and reasonable compensation under the circumstances, for damages for aggravating circumstances, for prejudgment interest, for interest at the legal rate from the date of judgment entered herein, for their costs of action incurred herein, and for such other and further relief as is just and proper in the premises.

### COUNT III – WRONGFUL DEATH
### DEFENDANT VSS CARRIERS, INC.
### (INDEPENDENT NEGLIGENCE FOR NEGLIGENT HIRING AND RETENTION)

COME NOW, Plaintiffs, Alvin Haile and Jeffrey Haile, by and through their attorneys, Steelman, Gaunt & Horsefield, and for their cause of action against Defendant VSS Carriers, Inc. under Count III in the above-referenced matter, state and allege as follows:

36. Plaintiffs incorporate by reference as if fully set out herein, each and every allegation contained in the Allegations Common to All Counts of this Petition.

37. Upon information and belief, Defendant VSS Carriers, Inc. was further negligent in the following respects, to wit:

    (a) Defendant VSS Carriers, Inc. failed to select a competent and fit driver;

    (b) Defendant VSS Carriers, Inc. retained an unsafe an unqualified driver;

    (c) Defendant VSS Carriers, Inc. entrusted its delivery to an incompetent driver;

    (d) Defendant VSS Carriers, Inc. permitted its motor vehicle to be operated in a defectively maintained condition;

    (e) Defendant VSS Carriers, Inc. permitted its motor vehicle to be operated in dangerous and unsafe condition;

(f) Defendant VSS Carriers, Inc. failed to inspect, repair and maintain its motor vehicle in violation of 49 C.F.R. Part 396.3;

(g) Defendant VSS Carriers, Inc. failed to keep its motor vehicle in a safe and proper operating condition in violation of 49 C.F.R. Part 396.3(a)(1);

(h) Defendant VSS Carriers, Inc. permitted its motor vehicle to be operated in such a condition as was likely to cause an accident in violation of 49 C.F.R. Part 396.7;

(i) Defendant VSS Carriers, Inc. permitted its driver to drive in excess of the hours of service provisions of 49 C.F.R. Part 395;

(j) Defendant VSS Carriers, Inc. required and/or permitted its driver to operate a motor vehicle while the driver's ability or alertness was so impaired or so likely to become impaired through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate the motor vehicle in violation of 49 C.F.R. Part 392.3;

(k) Defendant VSS Carriers, Inc. violated the provisions of 49 C.F.R. Parts 390.11 and 390.13 pertaining to the safe operation of a motor carrier, training, and duties of motor carriers and their employees and relating to aiding and abetting violations of the rules and regulations;

(l) Defendant VSS Carriers, Inc. violated the provisions of 49 C.F.R. Part 390.3 which requires a motor carrier to be knowledgeable of all regulations applicable to it and requires the motor carrier to comply with the regulations and instruct every driver and employee with regard to all applicable regulations;

38. Upon information and belief, as a direct and proximate result of the acts and omissions of VSS Carriers, Inc. as described herein, Margaret Haile sustained injuries from which she suffered between the time of her injuries and the time of her death.

39. As a direct and proximate result of the acts and omissions of Defendant VSS Carriers, Inc. as described herein, Margaret Haile died on or about July 1, 2015.

40. Because of the untimely death of decedent, Margaret Haile, the Plaintiffs have been and in the future will be deprived of decedent's services, consortium, companionship, comfort, instruction, guidance, counsel, training and support, and have sustained other damages which can be reasonably measured in money.

41. As a direct and proximate result of the acts and omissions of Defendant VSS Carriers, Inc., as described herein, Plaintiffs have incurred burial and other expenses.

42. The aforesaid acts and failures to act of Defendant VSS Carriers, Inc., constitute complete indifference to, or conscious disregard for, the safety of others, and constitute aggravating circumstances within the meaning of the law of the State of Missouri and §537.090 RSMo.

43. That Plaintiffs have or will make a demand for settlement that entitles them to prejudgment interest under §408.040 RSMo.

WHEREFORE, Plaintiffs pray for judgment against Defendant VSS Carriers, Inc. jointly and severally with Defendant Anthony West in a sum in excess of $25,000.00, which the jury believes is fair and reasonable compensation under the circumstances, for damages for aggravating circumstances, for prejudgment interest, for interest at the legal rate from the date of judgment entered herein, for their costs of action incurred herein, and for such other and further relief as is just and proper in the premises.

**COUNT IV – WRONGFUL DEATH**
**DEFENDANT VSS CARRIERS, INC.**
**(INDEPENDENT NEGLIGENCE FOR FAILURE TO INSPECT AND MAINTAIN)**

13

COME NOW, Plaintiffs, Alvin Haile and Jeffrey Haile, by and through their attorneys, Steelman, Gaunt & Horsefield, and for their cause of action against Defendant VSS Carriers, Inc. under Count IV in the above-referenced matter, state and allege as follows:

44. Plaintiffs incorporate by reference as if fully set out herein, each and every allegation contained in the Allegations Common to All Counts of this Petition.

45. Upon information and belief Defendant VSS Carriers, Inc. was negligent in the following respects, to wit:

(a) Defendant VSS Carriers, Inc. failed to properly inspect, repair and maintain its motor vehicle in violation of 49 C.F.R. Part 396.3; and

(b) Defendant VSS Carriers, Inc. failed to keep its motor vehicle in a safe and proper operating condition in violation of 49 C.F.R. Part 396.3(a)(1).

46. Upon information and belief, as a direct and proximate result of the acts and omissions of Defendant VSS Carriers, Inc. as described herein, Margaret Haile sustained injuries from which she suffered between the time of her injuries and the time of her death.

47. As a direct and proximate result of the acts and omissions of Defendant VSS Carriers, Inc. as described herein, Margaret Haile died on or about July 1, 2015.

48. Because of the untimely death of decedent, Margaret Haile, the Plaintiffs have been and in the future will be deprived of decedent's services, consortium, companionship, comfort, instruction, guidance, counsel, training and support, and have sustained other damages which can be reasonably measured in money.

49. As a direct and proximate result of the acts and omissions of Defendant VSS Carriers, Inc., as described herein, Plaintiffs have incurred burial and other expenses.

14

50. The aforesaid acts and failures to act of Defendant VSS Carriers, Inc., constitute complete indifference to, or conscious disregard for, the safety of others, and constitute aggravating circumstances within the meaning of the law of the State of Missouri and §537.090 RSMo.

51. That Plaintiffs have or will make a demand for settlement that entitles them to prejudgment interest under §408.040 RSMo.

WHEREFORE, Plaintiffs pray for judgment against Defendant VSS Carriers, Inc. jointly and severally with Defendant Anthony West in a sum in excess of $25,000.00, which the jury believes is fair and reasonable compensation under the circumstances, for damages for aggravating circumstances, for prejudgment interest, for interest at the legal rate from the date of judgment entered herein, for their costs of action incurred herein, and for such other and further relief as is just and proper in the premises.

Respectfully Submitted,

**STEELMAN, GAUNT & HORSEFIELD**

By: /s/ Patrick J. Horsefield
Patrick J. Horsefield #50380
David L. Steelman #27334
901 Pine Street, Suite 100
P.O. Box 1257
Rolla, Missouri 65402
Telephone: (573) 341-8336
Facsimile: (573) 341-8548
Phorsefield@steelmanandgaunt.com
Dsteelman@steelmanandgaunt.com

**ATTORNEYS FOR PLAINTIFFS**